UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHAUNCEY A. NEAL, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | )   CASE NO: 1:12-CV-232 |
| | ) |
| OLDE YORK POTATO CHIPS, INC., | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Plaintiff Chauncey Neal brought this Title VII race discrimination and retaliation suit against his former employer, Olde York Potato Chips, Inc.[1]  Although Neal was initially represented by counsel, he is now proceeding *pro se*. (*See* Docket # 32.)  Due to Neal's disregard for this Court's orders and apparent disinterest in pursuing this action, the case will be DISMISSED as a sanction and for failure to prosecute.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Neal, through counsel, filed this action on July 9, 2012. (Docket # 1.)  Almost one year later, on June 27, 2013, Neal's counsel moved to withdraw from the case. (Docket # 25, 30.)  The Court set the motion for a hearing on July 8, 2013, and ordered Neal to be present in person. (Docket # 29.)  Neal, however, failed to appear at the July 8th hearing, and the Court granted his counsel's motion to withdraw. (Docket # 31-32.)  The Court also set the matter for a scheduling conference on August 8, 2013, once again ordering Neal to appear in person. (Docket # 31-32.)  Neal was further advised that if he failed to appear at this scheduling conference, sanctions could be imposed, up to and including possible dismissal of his case. (Docket # 31-32.)

---

[1] The parties have consented to the Magistrate Judge. (Docket # 19); *see* 28 U.S.C. § 636(c).

Despite this prior notice, Neal failed to appear at the August 8, 2013, scheduling conference as ordered. (Docket # 33.) Consequently, and to give Neal a final opportunity to explain why sanctions should not be imposed under Federal Rule of Civil Procedure 16(f)(1)(A), Neal was ordered to file a response to a show cause order on or before August 19, 2013. (Docket # 34.) He was further advised that if no response was filed by this deadline, the case would be dismissed for failure to prosecute and as a sanction for his failure to appear at the scheduling conference. (Docket # 34.) Neal, however, failed to contact the Court or show any cause why his case should not be dismissed, and the time to do so has now passed.

## II. DISCUSSION

Rule 16(f) provides that the Court may, on its own motion, "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to appear at a scheduling or other pretrial conference." FED. R. CIV. P. 16(f)(1)(A). Specifically, Rule 37(b)(2)(A)(v) authorizes the court to dismiss an action, in whole or part, as a sanction. The "ultimate sanction" of dismissal "is reserved for cases in which the offending party has demonstrated wilfulness, bad faith, or fault." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (citation omitted).

Aside from sanctions, a district court also has authority under Federal Rule of Civil Procedure 41(b) to *sua sponte* dismiss a case for lack of prosecution. *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *see* FED. R. CIV. P. 41(b). Dismissal for failure to prosecute is appropriate "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (internal quotation marks and citation omitted).

Here, despite this Court's orders requiring his presence, Neal failed to appear at two hearings—the July 8th hearing on his counsel's motion to withdraw and the August 8th scheduling conference—and never offered any explanation for his absences, suggesting at least fault, if not some wilfulness, on his part and resulting in a clear record of delay. Moreover, Neal's conduct is clearly impeding the progress of this case. By itself, Neal's failure to appear at the scheduling conference is sanctionable with dismissal under Rule 16(f)(1)(A), a sanction that the Court explicitly warned him could be imposed in the order setting the conference (Docket # 31-32). After he failed to appear, the Court gave Neal a final opportunity to show good cause why his case should not be dismissed, affirmatively stating that it would dismiss his case if he did not respond to the show cause order. (Docket # 34.)

As such, the Court not only warned Neal of the possibility of dismissal twice, but also gave him the chance to show cause—an opportunity he apparently declined to take—both of which suggest that dismissal is appropriate in this case. *See Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff." (citations omitted)); *Zimmerman v. Earthworks, Inc.*, No. 08-cv-0367-MJR, 2008 WL 5481124, at *1 (S.D. Ill. Dec. 18, 2008) (dismissing part of a case when plaintiff "had ample and explicit warning, including a rule to show cause, that failure to prosecute would result in dismissal of this case"). Moreover, the withdrawal of Neal's counsel—whom he never replaced—and his failure to appear at the July 8th hearing or the scheduling conference implies a lack of prosecutorial intent on his part, further supporting dismissal of this case. *See GCIU Employer Ret. Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993) ("A court may

infer a lack of prosecutorial intent from such factors as the withdrawal of an attorney, the failure to appear at a scheduled hearing, and a failure to appear on time." (citation omitted)).

Accordingly, in the interests of judicial economy, and given Neal's repeated failure to comply with the Court's orders and apparent disinterest in pursuing his claims, dismissal of this case as both a sanction and for failure to prosecute is appropriate.

### III. CONCLUSION

For the foregoing reasons, this case is DISMISSED.[2]  The Clerk is directed to send a copy of this Opinion and Order to Chauncey A. Neal at his last known address: 410 W. Fleming Avenue, Fort Wayne, IN  46807.

SO ORDERED.

Entered this 20th day of August, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[2] The Court notes that there is a pending motion for summary judgment. (Docket # 23.)  The Court has reviewed the motion, and it appears that Neal's case also fails on its merits.  The Clerk is DIRECTED to show Olde York's summary judgment motion (Docket # 23) as MOOT.